UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DENNIS A. HOWARD,

                Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

                Defendant.

Action No. 3:09–CV–820

MEMORANDUM OPINION

This matter is before the Court on Dennis A. Howard's objections to Judge Dohnal's Report and Recommendation ("R&R") affirming the Social Security Administration's denial of an application for Social Security Disability and Supplemental Security Income payments. The Commissioner of the Social Security Administration's (Michael Astrue) decision to deny benefits was based on a finding by an Administrative Law Judge ("ALJ") who determined that Howard is not disabled according to the Social Security Act. For the reasons stated below, the Court OVERRULES Howard's objections, ADOPTS Judge Dohnal's recommendations (Docket No. 14), DENIES Howard's Motion for Summary Judgment (Docket No. 10) and Motion to Remand (Docket No. 11), GRANTS the Commissioner's Motion for Summary Judgment (Docket No. 13), and AFFIRMS Astrue's decision.

1

BACKGROUND

There is a five-step analysis conducted for the Commissioner by an ALJ to determine if a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520. The ALJ considers whether an applicant (1) is performing "substantial gainful activity"; (2) is severely impaired; (3) has an impairment that is at least as severe as one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) could continue performing work that he did in the past; and (5) could perform any other job in the national economy. 20 C.F.R. §§ 416.905, 416.920. *See Rogers v. Barnhart*, 216 Fed.Appx. 345, 347–48 (4th Cir. 2007). If, at any step of that analysis, the ALJ is able to determine that the applicant is disabled, the inquiry must stop and the ALJ must conclude the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner if the analysis reaches step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

In this case, the ALJ found that Howard is not disabled at the fifth step of the analysis. He found that (1) Howard had not performed substantial gainful activity since the alleged onset of the disability, (2) he had a severe impairment,[1] and (3) the impairment was not listed in 20 C.F.R. Part 404, Subpart P, App. 1. (R&R at 6.) The ALJ found that (4) Howard has the residual functional capacity ("RFC") to "lift/carry ten pounds occasionally, stand/walk for two hours in an eight-hour workday, and bend or stoop only occasionally." (R. at 17.) The ALJ also found that Howard's RFC was limited "by an inability to climb and an inability to perform work at unprotected heights, work requiring exposure to temperature extremes, or work requiring excessive amounts of smoke, chemicals, or other air pollutants." *Id*. The ALJ concluded that

---

[1]This impairment is chronic obstructive pulmonary disease ("COPD"). (R&R at 6.)

these limitations prevented Howard from performing his past relevant work as a lead lineman or shipping checker.

Finally, after considering Howard's age, education, work experience, RFC, and the opinion of a vocational expert, the ALJ concluded that Howard could perform other jobs that exist in significant numbers in the national economy. The ALJ concluded Howard was qualified for "a limited range of sedentary exertional work," since his breathing tests revealed "good lung function," his treatment for shortness of breath was "sporadic[ ]," and his daily activities suggested an ability to perform some tasks. (R. at 21.) The ALJ suggested work as a service dispatcher, order clerk, or purchase order checker as relevant positions. (R. at 22.)

Howard appeals this determination, arguing that (1) the ALJ failed to give controlling weight to the opinion of his treating physician; (2) the ALJ applied the incorrect legal standard in assessing Howard's credibility; and (3) the ALJ relied upon flawed vocational expert testimony. Judge Dohnal found that (1) the ALJ correctly declined to give the treating physician's testimony controlling weight; (2) the ALJ gave proper weight to Howard's credibility; and (3) the ALJ properly accepted expert testimony founded upon information supported by substantial evidence. The R&R agrees with the Commissioner's determination and recommends that the Court DENY Howard's Motion for Summary Judgment and Motion to Remand, GRANT the Commissioner's Motion for Summary Judgment, and AFFIRM the decision.

Plaintiff now objects to the Report and Recommendations on the same grounds upon which he objected to the Commissioner's determination.

STANDARD OF REVIEW

The Court may review a denial of benefits by the Commissioner, 42 U.S.C. § 405(g), but it must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006) (stating that a court must apply that standard to findings of fact by an ALJ). The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. *Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir. 2001). Thus, a finding is supported by "substantial evidence" if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). And, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id.* In determining whether a decision satisfies that standard, the Court may not weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. *Mastro*, 270 F.3d at 176.

ANALYSIS

A. **Judge Dohnal properly concluded that the ALJ applied the proper legal standard in the decision to not give Dr. Zullo's opinion controlling weight.**

Judge Dohnal concluded that the ALJ properly declined to give controlling weight to the questionnaire completed by Howard's treating physician, Dr. Zullo. (R&R at 14-5.) Describing Dr. Zullo's statement of Howard's limitations "extreme," Judge Dohnal found the statement controverted by Dr. Zullo's treatment history of Howard, Howard's own description of his daily activities, and the assessments of two agency physicians. (R&R at 9, 10-14.) From an

4

examination of the evidence of Dr. Zullo's treatment, Judge Dohnal concluded that the treatment was "routine and conservative," and, by implication, not indicative of treatment for a disability. (R&R at 14).

The applicable regulations do not require an ALJ to give a treating physician's opinion controlling weight in all cases. The ALJ is required to give the opinion of a treating physician controlling weight, so long as it "is not inconsistent with the other substantial evidence in [the plaintiff's] case record." 20 C.F.R. § 404.1527(b)(2) (2010). A treating physician's opinion is accorded "significantly less weight" if inconsistent with other substantial evidence. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

Howard first objects that the ALJ incorrectly described Dr. Zullo's treatment history of Howard. Specifically, Howard argues that Dr. Zullo treated him on five occasions, while the ALJ determined that Howard made only two visits to the doctor. (R&R at 10.) It appears from the record Howard visited Dr. Zullo three times (R. at 177, 179, 180), including twice after the onset of his shortness of breath (R. at 19), and phoned him three times (R. at 175, 178).

Howard also objects to the ALJ's and Judge Dohnal's use of his daily activities to counter Dr. Zullo's assessment. Howard testified that he daily reads, does puzzles, and watches television. (R.at 45, 118.) The ALJ concluded that this testimony conflicted with Dr. Zullo's assessment that Howard could not concentrate for long periods. Howard also testfied that he pushes his own grocery cart and vacuum. (R.at 43, 49, 199). The ALJ concluded that this testimony conflicted with Dr. Zullo's assessment that Howard had trouble in "repetitive reaching, handling, and lifting," and that Howard would have difficulty breathing if he did any of those things for more than ten minutes. (R&R at 9). Howard also testified that he drove sixty

5

miles to the ALJ hearing.  (R. at 44.)  The ALJ concluded that this testimony controverted Dr. Zullo's assessment that Howard could sit only for one hour at a time.

Howard cites *Chapman v. Astrue* for the proposition that the ALJ was prohibited from denying a claim based on these activities, but the case supports no such proposition.  2010 WL 419923, slip op. at 8-9 (D.S.C. 2010).  In *Chapman*, the ALJ considered the plaintiff's daily activities, and her daily activities alone, as evidence that she was not disabled, all the while failing to discuss several other treatments the plaintiff undertook.  It was the consideration of the plaintiff's daily activities, along with the exclusion of other evidence, with which the district court took issue in that case.  *Id.*

Furthermore, the ALJ did not deny Howard's claim based on the evidence of those activities alone.  The ALJ and Judge Dohnal accounted for Howard's daily activities as one piece of evidence—along with Dr. Zullo's notes and treatment history of Howard—supporting the claim that Dr. Zullo's questionnaire described Howard's limitations in an "extreme" manner.  The authority Howard cites does not support the contention that the ALJ is prohibited from considering Howard's daily activities in determining whether he was disabled.  *See Ausburne v. Barnhart*, 2005 WL 1862642 at 3 (W.D.Va. 2005) (noting "the Commissioner certainly has regulatory authority to consider a claimant's daily activities in evaluating a claimant's subjective symptoms," though the activities must be "vocationally relevant").

Next, Howard objects that the ALJ should not have relied upon opinions from two non-examining physicians, Doctors Cole and Moreno.  Howard cites *Smith v. Schweiker*, 795 F.2d 343 (4th Cir. 1985), in support of two propositions and argues the ALJ transgressed them both.

First, *Smith* states that the opinion of a non-examining physician cannot serve as substantial evidence supporting a denial of benefits when contradicted by all other evidence in the record. *Id.* at 346. The ALJ's judgment does not implicate this rule. It would have, had Dr. Zullo's treatment and opinion been internally consistent, and had the ALJ considered only the opinions of Dr. Zullo, on one hand, and the non-examining physicians, on the other. But there is substantial evidence on the record that Dr. Zullo's own notes were not consistent with the assessment in his questionnaire, and that Dr. Zullo did not treat Howard as if the patient were disabled. Additionally, the ALJ considered evidence from all three physicians, along with Howard's statements about his daily activities.

Second, Howard claims *Smith* held that a non-examining physician's evidence cannot constitute substantial evidence when the physician is not in possession of a treating physician's assessment. That is not quite what *Smith* held. *Smith* remanded a benefits denial where a non-examining physician's consulted a record the court described as "ambiguous, and even conflicting." *Id.* at 348. Howard does not claim that description applies to the record in his case. To the extent the record in his case is conflicting, it is, as the ALJ and Judge Dohnal pointed out, the opinions, notes, and treatment history offered by Dr. Zullo.

Finally, Howard objects that the ALJ failed to consider Dr. Zullo's opinion in light of (1) whether the physician has examined Howard, (2) the treatment relationship between Dr. Zullo and Howard, (3) the supportability of Dr. Zullo's opinion, (4) the consistency of that opinion with the record, and (5) whether Dr. Zullo is a specialist. 20 C.F.R. § 404.1527(d) (2010); *Hines v. Barnhart*, 453 559, 563 (4th Cir. 2006) (stating this requirement).

7

In fact, the ALJ's opinion considered each of those factors. He stated that Dr. Zullo treated Howard three times, including twice after the alleged onset of his shortness of breath. (R. at 19-20.) His findings demonstrate that the relationship between Dr. Zullo and Howard lasted from roughly 2005 through 2007. (R. at 19-20.) He found Dr. Zullo's opinion "inconsistent with progress notes and physical examination findings." (R. at 20.) Contrary to Dr. Zullo's opinion, the ALJ further found "no supported medical opinion evidence corroborating the claimant's contention that he suffers him from severe limitations precluding him from work." (R. At 21.) Finally, the ALJ noted that Dr. Zullo is "an internal medicine doctor," and therefore not a specialist. (R. at 19.)

The ALJ's decision against giving Dr. Zullo's opinion controlling weight was supported by substantial evidence. Substantial evidence inconsistent with the doctor's opinion exists on the record, including evidence of Dr. Zullo's own treatment of Howard. The conflicting evidence further includes the opinions of non-treating physicians and Howard's own daily activities. Dr. Zullo's opinion was "inconsistent with the other substantial evidence" in the record and entitled to "significantly less weight" than if other evidence was consistent with the opinion. 20 C.F.R. § 404.1527(d)(2); *Craig*, 76 F.3d at 590. The ALJ's opinion was based on the appropriate standard of review, his findings are supported by substantial evidence on the record, and he afforded the examining physician's opinion appropriate weight. The Court, therefore, overrules Howard's objection to the ALJ's refusal to give Dr. Zullo's opinion controlling weight.

B. **Judge Dohnal properly concluded that the ALJ applied the correct legal standard in evaluating Howard's credibility.**

Howard next objects that the ALJ rejected Howard's testimony as lacking credibility. Howard alleged in a written statement that his COPD caused him shortness of breath and therefore limited him in all activities. (R. at 115.) He testified that he found it difficult to work outside, expose himself to humidity, bend, stoop, kneel, crawl, and breathe while sitting down. (R. at 31, 34-5, 48-9). After considering this testimony, Howard's daily activities, and Howard's treatment history for his condition, the ALJ concluded that Howard "has not generally received the type of medical treatment one would expect for a totally disabled individual." (R. at 19.) Howard complains about the ALJ's use of his daily activities to evaluate his credibilty. He argues as well that the ALJ impermissibly drew upon his idea of the proper medical treatment for Howard when he said Howard's treatment was of a conservative "type." (R. at 19.) Using lay medical opinion to evaluate Howard's testimony was improper, Howard argues.

The Fourth Circuit requires a reviewing court to give great deference to an ALJ's credibility determinations, assessing them only as to whether they are supported by substantial evidence. *Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997). An ALJ's credibility determination "should be accepted by the reviewing court absent exceptional circumstances." *Id.* (citation omitted).

The ALJ was required to undertake a two-step process for evaluating the credibility of Howard's claims about the symptoms and pain he suffered. *Craig*, 76 F.3d at 594. First, the ALJ must determine whether the plaintiff suffers a medical impairment that reasonably could be expected to produce the individual's pain or other related symptoms. *Id.* The ALJ expressly made this determination: he noted that Howard "alleged disabling chronic obstructive pulmonary

9

disease" and this disease "could have been reasonably expected to produce the alleged symptoms." (R. at 19.)

Second, the ALJ must evaluate the intensity and persistence of the plaintiff's pain, and the extent to which it affects the individual's ability to work. *Craig*, 76 F.3d at 595. The regulations and the Fourth Circuit require the ALJ to take account of all the available evidence, including the plaintiff's medical history, medical signs, laboratory findings, objective evidence of pain, and "any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." *Id.*

The ALJ properly applied this standard. After determining that COPD could reasonably have caused Howard's symptoms, the ALJ concluded "that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (R. at 19.) He noted further that Howard's contention that the COPD completely disabled him was "not supported by his activities of daily living or the medical evidence of record, including his treatment history and medications." *Id.*

The ALJ's consideration of Howard's daily activities and the "type" of medical treatment he undertook were permissible as sources of evidence aimed at completing the second step of the *Craig* framework. *Craig* directs ALJs to consider "any medical treatment taken to alleviate" pain and "claimant's daily activities." 76 F.3d at 595. Evidence Howard's "sporadic[ ]" treatment was not "the type . . . one would expect for a totally disabled person" was one of many factors in the ALJ's conclusion that Howard's statements of total disability was not credible, as was the evidence of Howard's daily activities. Since the ALJ applied the correct legal standard

to Howard's allegations of debilitating pain, and the ALJ's conclusions are supported by substantial evidence, the Court overrules Howard's objection.

C. **Judge Dohnal properly concluded that the ALJ did not rely upon flawed vocational expert testimony.**

Finally, Howard objects that the ALJ relied upon flawed testimony from the vocational expert. This argument in essence repeats the first one.

During the fifth step of the ALJ's analysis of benefits eligibility, the ALJ determines whether the claimant is capable of performing other work available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f). In this inquiry, the ALJ may consider the testimony of a vocational expert. The ALJ is required to pose hypothetical questions that represent the claimant's residual functional capacity ("RFC") based on all the evidence in the record and a fair description of the claimant's impairments. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989).

The Fourth Circuit requires an ALJ to pose hypothetical questions to a vocational expert, the contents of which is drawn from the record of the case. *Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006) (citation omitted). Opinions posed in response to questions composed of information not drawn from the record have "no value" in the proceeding. *Id.* at 567.

Howard does not contend that the ALJ or Judge Dohnal applied the incorrect standard in assessing the vocational expert testimony. Instead, Howard contends instead that the hypothetical limitations posed to the vocational expert were not supported by the record. Specifically, he argues that the ALJ composed his questions from the opinions of the non-

examining physicians. The implication is that given the opinion of the examining physician, Dr. Zullo, greater weight, an argument Howard raised earlier.

For the reasons stated earlier, the ALJ applied the proper legal standard to Dr. Zullo's testimony, and his evaluation was supported by substantial evidence. Hence the ALJ was not required to draw his hypothetical limitations principally from Dr. Zullo's opinion.

## CONCLUSION

Because the Court finds that the ALJ applied the correct legal standards and came to a conclusion supported by substantial evidence, Howard's objections are OVERRULED and the Magistrate Judge's Report and Recommendation is ADOPTED as the ruling of this Court. Thus, Cheeks' Motion for Summary Judgment (Docket No. 10) and Motion to Remand (Docket No. 11) are DENIED, the Commissioner of Social Security's Motion for Summary Judgment (Doc. No. 13) is GRANTED, and the Commissioner's decision denying benefits to Howard is AFFIRMED.

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this  24th  day of September 2010